Opinion issued December 2, 2010. 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00934-CR

———————————

Raul Avalos Guzman, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 351st District Court  

Harris County, Texas



Trial Court Case No. 1187486

 



 

MEMORANDUM
OPINION

          Appellant, Raul Avalos Guzman, pled guilty to the felony offense of
aggravated sexual assault of a child without an agreed recommendation for
punishment from the State, and, following a pre-sentence investigation (PSI)
hearing, the trial court sentenced him to forty-five years’ confinement.  See Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp.
2009).  Guzman’s court-appointed
appellate counsel filed a motion to withdraw along with a brief stating his
professional opinion that the appeal is without merit and that there are no
arguable grounds for reversal.  See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 


          Guzman
filed a pro se response, arguing: (1)
trial court erred by failing to rule on his pretrial motions; (2) he did not
voluntarily enter his guilty plea; (3) he received ineffective assistance of
counsel; and (4) the trial court erred by failing to read a character reference
letter during his PSI hearing and to question his trial counsel about the
letter.  We have reviewed the record in
its entirety and, having found no reversible error, we grant counsel’s motion
to withdraw and affirm Guzman’s conviction.

Background

          The State charged Guzman by indictment
with aggravated sexual assault of a child less than six years of age.  He pled guilty to the charged offense without an agreed recommendation for
punishment from the State.  After a PSI hearing, the trial court assessed
his punishment at forty-five years’ confinement.  Guzman timely filed his notice of appeal.   

 

Discussion

The brief
submitted by Guzman’s court-appointed appellate counsel states his professional
opinion that no arguable grounds for reversal exist, and any appeal would,
therefore, lack merit.  Anders, 386 U.S. at 744, 87 S. Ct. at
1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137,
138 (Tex.
Crim. App. 1969).  Counsel sent a copy of
the brief to Guzman, requested permission to withdraw from the case, and
notified Guzman of his right to review the record and file a pro se response.  Guzman filed a response. 

          When
we receive an Anders brief from a
defendant’s court-appointed attorney who asserts that no arguable grounds for
appeal exist, we must determine that issue independently by conducting our own
review of the entire record.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400 (emphasizing that reviewing court—and not counsel—determines, after
full examination of proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510
(Tex. Crim. App. 1991).  Any pro se response is also considered.  See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

          Thus,
our role in this Anders appeal, which
consists of reviewing the entire record, is limited to determining whether
arguable grounds for appeal exist.  See id. at 827.  If we determine that arguable grounds for
appeal exist, we abate the appeal and remand the case to the trial court to
allow the court-appointed attorney to withdraw. 
See id.  Then, the trial court appoints another
attorney to present all arguable grounds for appeal.  See id.  If we determine that arguable grounds for
appeal do exist, Guzman is entitled to have new counsel address the merits of
the issues raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id.


          On
the other hand, if our independent review of the record leads us to conclude
that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and
find no reversible error.  Bledsoe, 178 S.W.3d at 826–28. Guzman
may challenge the holding that there are no arguable grounds for appeal by
petitioning for discretionary review in the Court of Criminal Appeals.  Id.
at 827 & n.6.

          Following
Anders and Bledsoe, we have reviewed the record and counsel’s Anders brief.  We conclude that no reversible error exists.
Consequently, we affirm the judgment of the trial court and grant counsel’s
motion to withdraw.[1]

 

Conclusion

We affirm the
judgment of the trial court and grant appointed counsel’s motion to withdraw.

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and
Bland.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]
Appointed counsel still has a duty to inform
appellant of the result of this appeal, send appellant a copy of this opinion
and judgment, and notify appellant that he may, on his own, pursue
discretionary review in the Court of Criminal Appeals.  Tex. R.
App. P. 48.4; see also Bledsoe, 178 S.W.3d at 827; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771-72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).